UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| IN RE: WALCO OIL COMPANY, INC. ) | CASE NO. 06-50275 ERG | |
|       Debtor ) | | |
| ) | | |
| _____ ) | | |
| CADLEROCK, L.L.C ) | | |
|       Plaintiff ) | | |
| V. ) | ADV. PROC. NO. 07-05047 ERG | |
| ) | | |
| FEDERATED MUTUAL INSURANCE ) | | |
| COMPANY A ND JOHN DOES A-Z ) | | |
|       Defendants ) | | |
| ) | | |
| _____ ) | | |
| FEDERATED MUTUAL INSURANCE ) | | |
| COMPANY ) | | |
|       Plaintiff ) | | |
| V. ) | ADV. PROC. NO. 07-05018 ERG | |
| ) | | |
| WALCO OIL COMPANY, INC., DIRECT ) | | |
| CAPITAL CORPORATION, RICHTON BANK ) | | |
| AND TRUST COMPANY, FIRST STATE ) | | |
| BANK, CADLEROCK, L.L.C., AND WORLD ) | | |
| FUEL SERVICES, INC. ) | | |
|       Defendants ) | | |

## OPINION

There came before the court the Amended Motion for Abstention and Request for Jury Trial (Dkt. #13), and the Amended Motion for Remand of Civil Proceedings Pursuant to 28 USC Section 1452 (Dkt. #14) filed by Cadlerock, L.L.C. ("Cadlerock") in the above styled Adversary Proceeding No. 07-05047 ERG.  Also before the court is the Rule 56(f) Objection to Motion for Summary Judgment and Motion to Strike, or, in the Alternative, for Stay (Dkt. #27), also filed in Adversary Proceeding No. 07-05047 ERG, as well as a similarly styled Rule 56(f) Objection to

Motion for Summary Judgment and Motion to Strike, or, in the Alternative, for Stay (Dkt. #39) filed in the above styled Adversary Proceeding No. 07-05018 ERG. Having considered the pleadings and memoranda filed by the parties, and having heard oral arguments of counsel, the court concludes that the Amended Motion for Abstention filed by Cadlerock should be granted. The court further concludes that it is not necessary to make a ruling on Cadlerock's Amended Motion for Remand, and that it is hereby rendered moot. The court finds that because of this decision to abstain from further proceedings in the case removed from state court, it is not necessary for this court to rule on Cadlerock's Rule 56(f) Objection to Motion for Summary Judgment and Motion to Strike or, in the Alternative, for Stay (Dkt. #27 in Adv. Proc. 07-5047).

Because the pleadings are unclear as to what impact, if any, this abstention ruling has on Adversary No. 07-05018 ERG, a status conference will be set by the court to determine how the parties wish to proceed.

## I. FACTUAL BACKGROUND[1]

Walco Oil Company, Inc. ("Walco") filed a petition for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Mississippi, on April 13, 2006. The case was subsequently converted to Chapter 7.

On April 25, 2007, a Complaint for Interpleader, which became Adversary Proceeding No. 07-05018 ERG, was filed by Federated Mutual Insurance Company ("Federated"). Federated requested that it be allowed to deposit funds into the registry of the court as monies

---

[1] The factual background is taken from the pleadings and exhibits provided by the parties in the court file and in the oral presentation before the court, and does not present factual disputes for resolution by the court.

owing to defendant Walco and others as proceeds of settlement of the claim of Walco under Federal Mutual Insurance Company policy number 9238679, relating to property damages incurred as a result of Hurricane Katrina on August 29, 2005.  The Complaint alleged that Cadlerock "claims it is the current assignee of record of all of the interests . . . under the Deed of Trust on six Walco-pledged properties, including the right to receive payment of the proceeds of the insurance settlement ...."  Complaint at 9.  Federated requested in its Complaint that it be discharged from all liability to the defendants for any claim arising out of or related to the settlement of any claim of Walco for property or other damage from Hurricane Katrina or arising out of or related to the disposition of the monies paid by Federated in settlement of the claim.

Cadlerock, L.L.C. having been assigned the mortgage on property owned by Walco Oil Company, Inc., and operated as a gas station in Gulfport, Mississippi, filed a Complaint in the Circuit Court of Harrison County, Mississippi, First Judicial District, against Federated Mutual Insurance Company and John Does A-Z on October 15, 2007.  The Plaintiff-Cadlerock alleged that the Defendants have refused to adjust properly and pay the Plaintiff's claims, as mortgage holder and loss payee on the property, in bad faith violation of the contractual and implied duties and obligations to the Plaintiff regarding the subject property that was totally destroyed as a result of Hurricane Katrina.  The Complaint demanded judgment for actual, compensatory and punitive damages and contained a jury trial request.

On November 14, 2007, Federated filed a Notice of Removal in the United States Bankruptcy Court for the Southern District of Mississippi regarding the Circuit Court action filed by Cadlerock.

On December 4, 2007, this court entered its Order Granting Request of Debtor for

Emergency Relief and Order on Interpleader of Funds and for Other Relief. The order allowed Federated to disburse settlement proceeds, in connection with the interpleader action, excepting claims for damages caused by Hurricane Katrina to the Gulfport location of the Debtor, and reserving claims of Cadlerock and defenses of Federated for decision by this Court at a later time.

Cadlerock filed, on December 14, 2007, its Motion for Abstention and Request for Jury Trial, as well as its Motion for Remand of Civil Proceedings Pursuant to 28 USC Section 1452, regarding the state court proceeding that was removed to this court by Federated, in Adversary Proceeding No. 07-5047 ERG. The motions were subsequently amended, and a briefing schedule was set for the parties.

In February of 2008, prior to the expiration of the time period for filing briefs on the abstention and remand motions, Federated filed Motions for Summary Judgment in both the interpleader action and the action removed from state court. Cadlerock filed its Rule 56(f) Objection to the Motion for Summary Judgment and Motion to Strike, or in the Alternative, for Stay in both proceedings. Cadlerock alleged that Federated's argument is untimely and should be denied or stayed, and that the court should first determine whether it will retain jurisdiction.

The matters were set for argument before the court and additional briefs were submitted by the parties on the issues.

## II. CONCLUSIONS OF LAW

The court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. § 1334 and § 157.

In it Amended Motion for Abstention and Request for Jury Trial, Cadlerock, requests that the court permissively or mandatorily abstain pursuant to 28 U.S.C. § 1334(c) from hearing the litigation and that it be remanded to state court for disposition. That section provides the following, in part:

> (C)(1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c). In his argument before the court, counsel for Cadlerock admitted a lack of eligibility for relief under the mandatory abstention provisions of § 1334(c)(2). Therefore, the court will limit its findings to the permissive abstention provisions pursuant to § 1334(c)(1).

In the case of *Cockrell v. Cox,* 2008 WL 654272 (S.D.Miss. 2008), Judge Wingate held the following regarding permissive abstention:

> A district court may abstain from hearing a case under Title 11 where abstention is in the interests of justice, comity with state courts, or respect for state laws. Title 28 U.S.C. § 1334(c)(1). The United States District Court for the Southern District of Mississippi compiled a list of fourteen non-exclusive factors to determine whether a court should exercise voluntary abstention. *See Beasley v. Personal Finance Corp.,* 279 B.R. 523, 532 (S.D.Miss.2002). These factors include:
> 1. The effect or lack thereof on the efficient administration of the estate if the Court recommends abstention;
> 2. Extent to which state law issues predominate over bankruptcy issues;
> 3. Difficulty or unsettled nature of the applicable law;
> 4. Presence of a related proceeding commenced in state court or other nonbankruptcy

> proceeding;
> 5. Jurisdictional basis, if any, other than § 1334;
> 6. Degree of relatedness or remoteness of proceeding to main bankruptcy case;
> 7. The substance rather than the form of an asserted core proceeding;
> 8. The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
> 9. The burden of bankruptcy court's docket;
> 10. The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
> 11. The existence of a right to a jury trial;
> 12. The presence in the proceeding of non-debtor parties;
> 13. Comity; and
> 14. The possibility of prejudice to other parties in the action.
> *Searcy v. Knostman*, 155 B.R. 699, 710 (S.D.Miss.1993) ( citing *In re Tuscan Estates, Inc.,* 912 F.2d 1162, 1167 (9th Cir .1990).
>
>   Applying these factors to the plaintiff's claims, this court finds that these factors weigh in favor of discretionary abstention. First, state law issues predominate over the bankruptcy issues in this case. Secondly, this proceeding is merely related to the bankruptcy case and this court's only basis of jurisdiction is based on Title 28 U.S.C. § 1334. Thirdly, the state court is fully capable of handling these issues. Next, plaintiff is entitled to a jury trial and exercising jurisdiction here would deprive the plaintiff of her choice of forum. Also, the parties have commenced discovery in state court. Finally, comity calls for this court to abstain in favor of the state court. Therefore, this court will abstain from hearing this case.

*Id.* at 3-4 (S.D.Miss. 2008).

The court concludes that consideration of these factors weighs in favor of permissive abstention pursuant to 28 U.S.C. § 1334(c)(1), under the factual circumstances before the court. The issues raised in the lawsuit filed in state court by Cadlerock against Federated do not involve the debtor. Cadlerock has also requested a jury trial in the state court action.

The court concludes that Cadlerock's Amended Motion for Abstention should be granted. The court further finds that it is not necessary to make a determination on Cadlerock's Amended Motion to Remand and it is, therefore, rendered moot. The court finds that because of its decision to abstain from further proceedings in the case removed from state court, it is not

necessary for this court to rule on Cadlerock's Rule 56(f) Objection to Motion for Summary Judgment and Motion to Strike or, in the Alternative, for Stay (Dkt. #27 in Adv. Proc. 07-5047).

Because the pleadings are unclear as to what impact, if any, this abstention ruling has on Adversary No. 07-05018 ERG, a status conference will be set by the court to determine how the parties wish to proceed.

An order will be entered consistent with these findings and conclusions pursuant to Federal Rule of Bankruptcy Procedure 9021 and Federal Rule of Civil Procedure 58.  This opinion shall constitute findings and conclusions pursuant to Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52.

**ATTORNEYS FOR CADLEROCK, L.L.C.**

Matthew G. Mestayer
Byrd & Wiser
P.O. Box 1939
Biloxi, MS   39533

James R. Reeves, Jr.
Lumpkin & Reeves, PLLC
P. O. Drawer 1388
Biloxi, MS   39533

Larry Spencer
King & Spencer
P. O. Box 123
Jackson, MS   39205

**ATTORNEY FOR FEDERATED MUTUAL INSURANCE COMPANY**

Richard C. Bradley III
Daniel Coker Horton and Bell
P. O. Box 1084
Jackson, MS 39215